UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARRELL J. AARON-EL,
Petitioner,

vs.

DIRECTOR, OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
Respondent.

Civil Action No. 1:07-cv-375

Beckwith, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is now before the Court upon the petition (Doc. 1), respondent's return of writ (Doc. 8), petitioner's "motion to suppress evidence habeas joint request" and "amendment of writ of habeas corpus" (Doc. 11), and respondent's memorandum in opposition. (Doc. 12).

**I. PROCEDURAL HISTORY**

This case involves the following facts, as summarized by the Ninth District Ohio Court of Appeals:[1]

> {¶ 2} Appellant was indicted on the following charges: failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), failure to register as a sex offender in violation of R.C. 2950.04, and receiving stolen property in violation of R.C. 2913.51. The case proceeded to a jury trial. On December 20, 2002, the jury found appellant guilty of failure to comply and failure to register, and not guilty of receiving stolen property. On January 13, 2003, the trial court sentenced appellant to four years in prison for his failure to comply conviction and 11 months in prison for his failure to register conviction.

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

The trial court ordered that appellant's sentences run concurrently.

\*
\*
\*

{¶ 8} In the instant case, appellant was charged with failure to comply with order or signal of police officer under R.C. 2921.331(B), which provides: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." R.C. 2921.331(C)(5)(ii) further provides that, when the trier of fact finds the offender's operation of the vehicle caused a substantial risk of serious physical harm to persons or property, the offense becomes a felony of the third degree.

{¶ 9} The State presented several witnesses to testify at trial concerning the facts surrounding appellant's failure to comply. Rebecca Dendinger testified that around 11:30 pm on September 30, 2002, her maroon Chevy Cavalier wagon was stolen out of her driveway. She stated that she called 911 immediately to report the theft to the police. She testified that around 1:45 am that same night the police notified her that they had found her wagon, but that it was totaled. She stated the police explained to her the vehicle was inoperable because a rod had gone through the engine and the gear shift was torn up in the vehicle.

{¶ 10} Officer Eric Wood testified that, while on duty on the night of September 30, 2002, he noticed three men in a Chevy Cavalier who became visibly nervous as he was driving behind them on Main Street in Akron. He stated that he ran the license plate and discovered the vehicle had been reported stolen. He testified he then called in for backup units and kept following the stolen vehicle. Once his backup arrived, Officer Wood stated he activated his overhead lights and sirens behind the stolen vehicle and the suspects did not stop for him. He testified that a chase ensued, the stolen vehicle began speeding and running traffic lights and stop signs as it entered a residential area. Officer Wood stated the chase proceeded onto Route 59 and continued into Fairlawn.

{¶ 11} Officer Wood testified that he and numerous other police vehicles attempted to stop the stolen vehicle several times, but it kept swerving back and forth to either block or hit their vehicles and continued speeding up to 85 miles per hour. He stated that he suddenly heard a large bang and smoke started shooting out of the back of the stolen vehicle as it began slowing in speed. Officer Wood testified he then pulled alongside the driver's side of the vehicle and the driver completely ignored his commands to pull over. He stated the stolen vehicle

2

eventually slowed to a full stop on the road, the driver refused to exit the vehicle, and he and another officer pulled the driver out of the vehicle.

{¶ 12} Officer Wood identified appellant as the driver of the stolen vehicle and stated that he arrested him. He testified that the stolen vehicle was inoperable and was towed from the scene. Office Wood also testified that there was a substantial risk of harm for the police, the suspects, and the general public during the 13 mile chase. He stated one officer was injured and the stolen vehicle was clearly totaled as a result of appellant's failure to comply with the numerous signals and orders by the police to stop and exit the vehicle.

{¶ 13} Officer David Long also testified and corroborated Officer Wood's testimony as to the events of the chase and the identification of appellant as the driver of the stolen vehicle. Michael Moon, one of appellant's co-defendants in the stolen vehicle, testified that appellant was driving the wagon and decided not to stop for the police. Mr. Moon stated that, after the chase became more high-speed and dangerous, he joined the other co-defendant in pleading with appellant to stop the vehicle. He testified that appellant did not stop the vehicle and the reason it eventually stopped was because the motor blew out on it.

{¶ 14} Appellant was also charged with failure to register under R.C. 2950.04, which provides that an offender who has been convicted of a sexually oriented offense shall register personally with the sheriff of the county in which the offender resides or temporarily is domiciled for more than seven days. R.C. 2950.04(A)(1).

{¶ 15} The State presented several witnesses to testify at trial concerning the facts surrounding appellant's failure to register. Kenneth Masich, the bailiff at the time the trial court adjudicated appellant a sexually oriented offender, testified that the court properly instructed appellant about his reporting requirements as a sexually oriented offender once he was released from prison. He stated that he also personally provided appellant with the form that explained his duties to register and that appellant refused to sign it for him on March 2, 1999. Mr. Masich identified appellant as the same individual who refused to sign the registration responsibilities form for him.

{¶ 16} Sharon Scott, an employee of the Summit County Sheriff's Office who registers sex offenders, identified appellant as an inmate who registered as a sexually oriented offender with her on April 24, 2001. She stated that she explained the registration responsibilities form to appellant, which specifically

3

stated he needed to register annually and his next date to register was April 24, 2002. Ms. Scott testified that appellant did not register in April of 2002. Amy Jenkins, appellant's parole officer, also testified that she explained appellant's sex offender registration requirements to him, along with his parole conditions, when he was first released from prison in March of 2001.

(Doc. 8, Exh. 10 at 1-2, 4-7).

## State Action – Trial

On December 20, 2002, a Summit County, Ohio Common Pleas jury convicted petitioner of failure to comply with an order or signal of a police officer and failure to register as a sex offender. (Doc. 8, Exh. 3). Petitioner was sentenced to four years imprisonment on the failure to comply conviction and eleven months on the failure to register as a sex offender. The sentences were ordered to be served concurrently with each other. (Doc. 8, Exh. 4). The trial court also ordered that petitioner "is subject to Three-Hundred and Sixty-Five (365) days of post release control." The trial court ordered the judicial sanction to be served consecutively with the sentences imposed in this case for a total sentence of five years. The trial court also informed petitioner that his sentence included post-release control.

## Timely Appeal to the First District Court of Appeals

Petitioner, through counsel, timely appealed to the Ninth District Court of Appeals and presented three assignments of error:

> 1. The verdict was flawed because the statute is unconstitutionally vague because there is no mechanism in the statute to determine whether property, of any nature, suffered serious physical harm.
>
> 2. The verdict was against the manifest weight of the evidence.

4

3. The Defendant's Sixth (6th) Amendment rights were violated as he received ineffective assistance of counsel.

(Doc. 8, Exh. 6)[2]. On September 30, 2003, the Court of Appeals affirmed the judgment of the trial court, overruling all assignments of error. (Doc. 8, Exh. 10).[3]

Petitioner failed to file an appeal to the Supreme Court of Ohio.

## Post Conviction Actions

In the meantime, on August 28, 2003, petitioner filed a pro se Petition to Vacate or Set Aside Judgment of Conviction or Sentence. (Doc. 8, Exh. 15). Petitioner also filed a Petition to Vacate or Set Aside Sentence. (Doc. 8, Exh. 16). The State filed a motion to dismiss. (Doc. 8, Exh. 17). On September 25, 2003, petitioner filed a Motion for Reduction of Sentence. (Doc. 8, Exh. 18). Petitioner also filed a Motion for Order Mandating that Multiple Felony Convictions be Served Concurrently, pursuant to Ohio Revised Code 2929.41. (Doc. 8, Exh. 19). The State opposed petitioner's motions. (Doc. 8, Exh. 20). The trial court denied the motions on November 5, 2003. (Doc. 8, Exh. 21).

On May 28, 2004, Petitioner filed Motions for Reduction of Sentence. (Doc. 8, Exhs. 22, 23). The State opposed petitioner's motions. (Doc. 8, Exh. 24). On August 9, 2004, petitioner filed a Motion for Time-Sentence Modification. (Doc. 8, Exh. 25). The State opposed

---

[2]Petitioner filed a pro se "Motion to Take back the Guilty Plea of Child Endangerment, New Trial on CR98071622 Case, Appeal on CR98071622; and for A Motion to Dismiss both CR98071622, and CR02102814 on the grounds of DE HORS (Lake (sic) of Evidence on the behalf of the Defendant). (Doc. 8, Exh. 8). The appellate court ordered Aaron's pro se motion stricken from the record. (Doc. 8, Exh. 9).

[3]On October 8, 2003, petitioner filed a pro se Motion for Leave to File a Delayed Appeal and a Notice of Appeal from a March 4, 1999 judgment entry in Summit County Common Pleas Court case number CR-98-07-1622. (Doc. 8, Exhs. 11-13). The Ohio Court of Appeals denied petitioner's motions finding it was without jurisdiction to rule on the motions. (Doc. 8, Exh. 14).

petitioner's motion. (Doc. 8, Exh. 26). In November 2005, the trial court denied petitioner's motions. (Exhibits 27-28.)

On May 8, 2006, petitioner filed a Motion for a New Trial and Evidence (include Transcripts), Reduction of Sentence. (Doc. 8, Exh. 29). The State opposed petitioner's motion. (Doc. 8, Exh. 30). On July 6, 2006, the trial court denied petitioner's motion. (Doc. 8, Exh. 31).

On December 19, 2006, petitioner filed a Motion for Reduction of Sentence – Dismissal of Post-Release Control. In his motion, petitioner asserted that granting his requested relief "will permit an earlier release and an earlier start." (Doc. 8, Exh. 32). On February 6, 2007, petitioner filed a request for judicial release. (Doc. 8, Exh. 33). Additionally, on March 20, 2007, petitioner filed a Motion for Judicial Release. (Doc. 8, Exh. 34). On April 9, 2007, the trial court denied petitioner's motions for judicial release. (Doc. 8, Exh. 35).

## State Habeas Petitions

On May 16, 2003, petitioner filed his first petition for writ of habeas corpus in the Court of Appeals for the Ninth Appellate District, Summit County, Ohio. (Doc. 8, Exh. 36). On July 1, 2003, the court dismissed petitioner's state habeas petition finding that the court lacked jurisdiction to consider petitioner's habeas petition. (Doc. 8, Exh. 37, Case No. CA-21566.)

On May 28, 2004, petitioner filed his second petition for writ of habeas corpus in the Court of Appeals for the Ninth Appellate District, Summit County, Ohio. (Doc. 8, Exhs. 38-39). On July 28, 2004, the court dismissed petitioner's state habeas petition again finding that it lacked jurisdiction to consider petitioner's habeas petition. (Doc. 8, Exh. 40, Case No. CA-22131).

6

On September 21, 2004, petitioner filed his third petition for writ of habeas corpus in the Supreme Court of Ohio. (Doc. 8, Exhs. 41-43). On October 27, 2004, the court dismissed petitioner's state habeas petition. (Doc. 8, Exh. 44, Case No. 04-1583).

On April 27, 2007, petitioner filed his fourth petition for writ of habeas corpus in the Scioto County Court of Common Pleas. (Doc. 8, Exh. 45). On July 9, 2007, the court dismissed petitioner's state habeas petition. (Doc. 8, Exh. 46 Case No. 07CIH00246).

## Federal Habeas Corpus

On May 14, 2007, petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court. The petition sets forth several grounds for relief. First, petitioner asserts that he attempted to file the attached documents in the Scioto County Court of Common Pleas, and "[t]his is in violation of the Ohio Constitution" and Ohio statutory law. (Doc. 1 at 1). Petitioner asks this Court "to Mandate this case back to the Scioto County Clerk of Court . . . to file these documents, and if the Clerk refuse to do so, then the Chief Administrative Judge of the Scioto County Court of Common Pleas to issue and serve this Joint filings." (Doc. 1 at 1). Second, petitioner requests "A Judicial Review Hearing on the CR-1998-071622, CR-2001-07-1612, and CR-2002-10-2814(A)" and that "his Motion to Dismiss Post-Release Control is to also be granted upon a Judicial Review as well as to check to see if Petitioner's Statutory Rights as codified in [Ohio statutory law and Ohio case law] (sic)." (Doc. 1 at 2). Third, petitioner requests "that the Ohio Rules of Appellate Procedure Rule 22(D) and 26, and to be reinforced by U.S. 6 Cir. R. 2, FRAP rule 2, and that the Iron Curtain that the Scioto County Court of Common

7

Pleas to be destroyed, . . . and that the Time Bar be suspended." (Doc. 1 at 2). Fourth, petitioner requests that this Court "either accept jurisdiction or to order the Scioto County Court of Common Pleas to file the documents, to operate on it's (sic) Constitutional Duties, and to grant a hearing upon this attached Documents attached Exhibit A." (Doc. 1 at 2-3). Fifth, petitioner requests that the Court serve a copy of Exhibit A on the Court of Claims of Ohio and others. (Doc. 1 at 3). Sixth, petitioner requests that this Court award him triple the jail-time credit computed by the trial court, asserting that he is entitled to have his jail-time credit tripled pursuant to the speedy trial provisions of the Ohio Revised Code. (Doc. 1 at 3). According to petitioner's calculations, he has "done 8 more months than he was supposed to." (Doc. 1 at 4). Finally, petitioner asks whether he is subject to post-release control per the Journal Entry. Petitioner seeks an earlier release and a new trial on all three criminal cases. (Doc. 1 at 4).

Respondent contends the petition is barred by the statute of limitations and procedurally defaulted and waived. Respondent also contends that petitioner's claims are non-cognizable in habeas corpus.

For the reasons that follow, the Court declines to reach whether petitioner's claims are barred by the statute of limitations or procedurally defaulted and waived because it is clear that petitioner's claims are not cognizable in federal habeas corpus.

This Court may grant a writ of habeas corpus only if petitioner, pursuant to the judgment of a State court, "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7 (1977) (quoting Advisory

8

Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases ). The federal courts may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.), *cert. denied*, 488 U.S. 866 (1988). *See also Floyd v. Alexander,* 148 F.3d 615, 619 (6th Cir.) (concluding that violation of a state law is not cognizable in federal habeas corpus proceedings), *cert. denied ,* 525 U.S. 1025 (1998). "It is not the province of a federal court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. *See Floyd,* 148 F.3d at 619; *Serra v. Michigan Dep't of Corrections,* 4 F.3d 1348, 1354 (6th Cir. 1993), *cert. denied,* 510 U.S. 1201 (1994).

In the instant case, petitioner's request for federal habeas corpus relief is premised entirely on alleged violations of Ohio procedural, statutory, or case law by the state courts. Petitioner takes issue with the Scioto County Common Pleas Court's failure to file his documents and that court's alleged failure to follow state procedural law. He also requests this federal court to review whether his rights have been violated "as codified in [Ohio statutory law and Ohio case law]." Petitioner also challenges the state court's computation of jail time credit under Ohio law. This Court may not act as an additional appellate court to review the state courts' interpretation of its own rules or procedures. *Oviedo v. Jago,* 809 F.2d 326, 328 (6th Cir. 1987). Petitioner has no federal constitutional right to compel a state court to follow procedures that are established by state law. Nor may this Court review the state court's alleged failure to comply with its own sentencing procedures. Petitioner's claims that the state courts failed to follow Ohio statutory

requirements are simply not cognizable in this federal habeas corpus proceeding. *Austin v. Jackson*, 213 F.3d 298, 300-302 (6th Cir. 2000). Because petitioner raises claims solely in terms of state law violations, none of these claims are cognizable in federal habeas corpus. Therefore, the habeas corpus petition should be dismissed.

Petitioner's "motion to suppress evidence habeas joint request" and "amendment of writ of habeas corpus" (Doc. 11) should be denied. The Court cannot discern what relief petitioner is seeking through his "motion to suppress evidence habeas joint request." A review of petitioner's motion to amend indicates that the "amendment" petitioner seeks does not cure the deficiencies set forth in the petition. Rather, it is a request for discovery related to his state law claims. To the extent the motion to amend may be construed as raising a claim of an unconstitutional sentence pursuant to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004) (Doc. 11 at 2), the claim would nevertheless be without merit because petitioner's conviction was final before *Blakely* was decided and *Blakely* does not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005). Therefore, the motion to amend should be denied.

### IT IS THEREFORE RECOMMENDED THAT:

1. The petition be DISMISSED with prejudice on the ground that it fails to raise any claims cognizable in this federal habeas proceeding.

2. Petitioner's "motion to suppress evidence habeas joint request" and "amendment of writ of habeas corpus" (Doc. 11) be DENIED.

3. A certificate of appealability should not issue with respect to the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/15/08

Timothy S. Hogan
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DARRELL J. AARON-EL,<br>Petitioner,<br><br>vs.<br><br>DIRECTOR, OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION,<br>Respondent. | Civil Action No. 1:07-cv-375<br><br>Beckwith, J.<br>Hogan, M.J. |

### NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **FIFTEEN (15) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

12

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Darrell J. Aaron-El<br>A442-417<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7007 1490 0001 0562 6653 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:07cv375  Doc.16